UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Terrance Lombard,

      Plaintiff,

v.                                                      Case No. 05-CV-72501

Chrome Craft Corporation,                  Honorable Sean F. Cox
UAW International Union and
Local 174 (formerly Local 985),

      Defendants.

_____/

## OPINION & ORDER

In this action, Plaintiff asserts claims against his former employer, and two union

Defendants, relating to his termination of employment.  Plaintiff asserts that his employer

discharged him in violation of an applicable collective bargaining agreement[1] and that the unions

failed to fairly represent him by withdrawing his grievance and refusing to demand arbitration

without a rational basis for doing so.  The matter is currently before the Court on two motions

for summary judgment brought by Defendants.  The Court heard oral argument on December 8,

2006.  For the reasons set forth below, Defendant Chrome Craft Corporation's Motion for

Summary Judgment shall be granted because Plaintiff's claims against it is barred by the

applicable statute of limitations.  The Union Defendants' Motion for Summary shall be granted

because Plaintiff has failed to exhaust internal union remedies, but shall be denied in all other

---

[1]Plaintiff's complaint also alleges that Chrome Craft Corporation discharged him on the
basis of race, in violation of the Elliott-Larsen Civil Rights Act.  At the December 8, 2006
hearing, however, Plaintiff's counsel acknowledged that the race discrimination claim should be
dismissed.

respects.

## **BACKGROUND**

Plaintiff Terrance Lombard ("Lombard" or "Plaintiff") filed suit against Defendants Chrome Craft Corporation ("Chrome Craft"), UAW International Union and Local 985 (collectively "the Union Defendants") in Wayne County Circuit Court on May 24, 2005. Defendants removed the action to this Court based on federal question jurisdiction.

Chrome Craft is an automotive supplier in Highland Park, Michigan. Lombard was employed by Chrome Craft from May 26, 1998, until he was discharged on or about August 15, 2003. At all relevant times, Lombard was a member of, and was represented by, the Union Defendants. Lombard was employed as a general laborer and worked the second shift.

Lombard's claims in this action stem from his discharge and events that followed. Chrome Craft claims that Lombard was discharged for "fighting or attempting bodily injury, threatening fellow employees on company property," a violation of the Company's Shop Rules. Specifically, Chrome Craft asserts that on August 8, 2003, Lombard fought with, and threatened, Mike Owens, a supervisor at Chrome Craft. Lombard admits he had an altercation with Owens, but denies that he physically touched or threatened Owens.

Under the applicable collective bargaining agreement ("CBA"), there is a five-step grievance procedure that culminates in binding arbitration. (*See* Ex. F to Def. Chrome Craft's Br., at 3-4). The steps can be summarized as follows: 1) the employee takes a complaint to his or her foreman; 2) if not settled promptly by the Bargaining Committee and foreman, the grievance is reduced to writing; 3) if not settled at this stage, the Bargaining Committee, Local Union and International Union and Company Representatives meet; 4) if not settled, the parties

2

use a federal and/or state mediator to try to resolve the dispute; 5) if not settled, the matter can be submitted to binding arbitration.  Although many UAW CBAs contain provisions whereby the employers agree to reinstate a grievance and to continue the grievance procedure if, upon internal union appeal, the grievance is found to have been improperly withdrawn (*see Robinson v. Central Brass Manf. Co.*, 987 F.2d 1235, 1236 (6th Cir. 1993)), the CBA at issue here does not contain such a provision.

Following his discharge, the Union Defendants filed a grievance on behalf of Lombard, protesting his discharge. Lombard sought reinstatement and money damages.  (*See* Exs. E & R).  At stage four, a mediation was conducted by state and federal mediators and a settlement was proposed.  Lombard rejected the proposed settlement.  On February 24, 2004, Lombard was notified in writing that the Union was withdrawing his grievance and that the Union would not pursue arbitration.  (*Id.* at Ex. I).  On April 20, 2004, the Union notified Chrome Craft in writing that "the discharge grievance involving Mr. Terrance Lombard is hereby withdrawn at the mediation step and is closed."  (Ex. 5 to Pl.'s Resp. to Chrome Craft's Motion).

Lombard responded by protesting the withdrawal of his grievance to the Union Defendants.  Under the Union Constitution, a member has the right to appeal the Union's decision to withdraw a grievance and/or its decision not to proceed to arbitration.  The Union Constitution mandates that a member exhaust his or her internal remedies before filing any action in court:

> Section 5.  OBLIGATION TO EXHAUST INTERNAL UNION REMEDIES.  It shall be the duty of any individual or body, if aggrieved by any action, decision or penalty imposed, to exhaust fully the individual or body's remedy and all appeals under this Constitution and the rules of this Union before going to a civil court or governmental agency for redress.

3

(Ex. J to Def. Chrome Craft's Motion, at 99).

Lombard filed an internal appeal and the appeal was granted on January 3, 2005, with a finding that "the Union's decision to settle [Lombard's grievance] was not properly investigated in order to make a rational decision." (*Id*. at Ex. K to Def. Chrome Craft's Br.). Because the applicable CBA does not contain a reinstatement provision, the Union Defendants requested that Chrome Craft voluntarily agree to allow it to reinstate Lombard's grievance. (*Id*. at Exs. L & M). Chrome Craft responded in writing, stating that it has no obligation to allow the reinstatement and that it was denying the Union's request to voluntarily reinstate Lombard's grievance. (*Id*. at Ex. N). Lombard was notified in writing on February 14, 2005, that Chrome Craft had denied requests to voluntarily reinstate the grievance. (*Id*. at Ex. O).

Lombard then initiated a further internal appeal with the Union. On November 15, 2006, the Public Review Board of the International Union, UAW ("the PRB") issued a decision denying Plaintiff's request for damages. At the December 8, 2006 hearing, Plaintiff's counsel advised that Plaintiff is still pursuing his internal union remedies, as Plaintiff filed a Motion for Reconsideration with the PRB which is still pending.

Lombard filed this action on May 24, 2005. His complaint alleges that: 1) Chrome Craft discharged him without good cause, in violation of the CBA (Count I); Chrome Craft terminated Lombard because of his race, in violation of Michigan's Elliott-Larsen Civil Rights Act, M.C.L. §37.2110 *et seq*. (Count II); and 3) the Union Defendants failed to fairly represent Lombard by withdrawing his grievance and refusing to demand arbitration without a rational basis for doing so (Count III). Plaintiff agrees that Count II should be dismissed, so only Counts I & III remain. Chrome Craft and the Union Defendants now seek summary judgment pursuant to FED. R. CIV.

P. 56.

## ANALYSIS

All parties agree that Lombard's first and second counts form "a hybrid suit under §301"

of the Labor Management Relations Act (" LMRA").   A hybrid §301 suit implicates the

interrelationship among a union member, his union, and his employer.  *Vencl v. International*

*Union of Operating Emg'rs, Local* 18, 137 F.3d 420, 424 (6th Cir. 1998).   It is a "consolidation

of two separate but interdependent actions: one against the employer for breach of the collective-

bargaining agreement and one against the union for breach of the duty of fair representation."

*Robinson,* 987 F.2d at 1238-39.  The Sixth Circuit has further explained that:

> Before an employee may bring a §301 claim against an employer for dismissing
> him in violation of the collective-bargaining agreement, the employee must first
> exhaust any grievance or arbitration remedies provided in the collective-
> bargaining agreement.  The employee will be bound by the results of that
> grievance process unless the union representing the employee breaches its duty of
> fair representation.  If the union does breach its duty, then the employee may
> bring either a §301claim against the employer or a claim against the union for
> breach of the duty of fair representation, or both claims simultaneously.

*Id*. at 1239.

To prevail under any such claim, however, the plaintiff must prove both that:  1) the

employer discharged him in violation of the CBA; and 2) the union breached its duty of fair

representation during the grievance process.  *Id*.  "Therefore, the two claims are often combined

in a single lawsuit and referred to as a hybrid §301/fair representation claim."  *Id.*

A six-month statute of limitations applies to §301 claims.  *Noble v. Chrysler Motors*

*Corp.*, 32 F.3d 997, 1000 (6th Cir. 1994).  A claim under §301 accrues when the claimant

discovers, or in the reasonable exercise of diligence should have discovered, the acts constituting

the alleged violation.  *Id*.  The determination of the accrual date is an objective one: "the asserted

5

actual knowledge of the plaintiffs is not determinative if they did not act as reasonable persons and, in effect, closed their eyes to evidence and objective facts concerning the accrual of their right to sue." *Id.*

In their Motion for Summary Judgment, the Union Defendants contend that they are entitled to summary judgment on the merits of Plaintiff's claims against them, and that Plaintiff's claims should be dismissed because Plaintiff has failed to exhaust his internal union remedies with respect to those claims. Defendant Chrome Craft, on the other hand, contends that it is entitled to summary judgment with Plaintiff's claims against it because those claims are barred by the applicable statute of limitations.

A.    The Union Defendants' Are Not Entitled To Summary Judgment As To The Merits Of Plaintiff's Claims Against Them.

The Union Defendants contend that Lombard's claims against them must be dismissed because: 1) Lombard cannot establish that Chrome Craft breached the CBA by firing Lombard; and 2) Lombard cannot establish that the Union Defendants failed to fairly represent him.

The Union Defendants assert that Lombard cannot establish that Chrome Craft violated the CBA by firing Lombard. They note that there is much dispute over the facts surrounding the incident between Lombard and Owens, but note that Lombard has admitted that he was face-to-face with Owens, his supervisor, and was yelling at him and calling him a "motherfucker." The Union Defendants assert that conduct alone, even without any physical violence at all, was sufficient to fire Lombard.

The Union Defendants further assert that Lombard cannot establish that they failed to fairly represent him. They assert that they fully investigated the facts surrounding the incident and that their decision not to pursue arbitration was reasonable.

6

Lombard notes that there is considerable conflict in the evidence as to whether he ever touched Owens, and that he has submitted evidence that indicates he did not touch or threaten Owens.  Lombard further challenges the Union Defendants' position that yelling at Owens was sufficient to fire him.  He notes that Chrome Craft indicated that he was fired for fighting and threatening - Chrome Craft has never asserted that he was fired for swearing or insubordination. He also notes that under the CBA, a first offense of insubordination does not result in firing. Rather, the rule that relates to insubordination states that an employee will not be discharged until the third offense.  (*See* Pl.'s Br., Ex. 2 at ¶ 19).

With respect to Lombard's claim that the Union failed to fairly represent him, Lombard asserts that the Union Defendants failed to present evidence favorable to him at the hearing, asserts that union officials told witnesses to change their statements, and notes there are many factual disputes regarding this issue.  He further notes that the Union itself found that his grievance should not have been withdrawn.

Given the numerous factual disputes regarding this issue, the Court finds that there is a genuine issue of material fact as to whether the Union Defendants failed to fairly represent Lombard.  The Union Defendant's request for summary judgment as to the merits of Plaintiff's claims against them must therefore be denied.

B.      Defendants Are Entitled To Summary Judgment Because: 1) Plaintiff's Claims Against Chrome Craft Are Barred By The Statute of Limitations; And 2) Plaintiff Has Failed To Exhaust His Internal Union Remedies With Respect To His Claims Against The Union Defendants.

7

Chrome Craft asserts that Lombard's claims against it are barred by the applicable statute of limitations, while the Union Defendants assert that Lombard has failed to exhaust his internal union remedies with respect to his claims against them.

The Union Defendants contend that Lombard's claims against it must be dismissed for failure to exhaust internal union remedies before filing this action. Relying on *Robinson, supra,* and *Clayton v. International Union*, 451 U.S. 679 (1981), they assert that Lombard has a duty to exhaust the internal union remedies available to him before suing the Union Defendants. They further assert that Lombard is, in fact, actively pursuing such remedies right now in the internal union appeals process, where he is seeking money damages from the Union for mental anguish, back pay and front pay. The Union Defendants assert that the internal union appeals process can provide Lombard with a complete remedy for all injuries allegedly sustained by Plaintiff due to the Union Defendants' conduct.

Relying on *Robinson*, Chrome Craft asserts that Lombard's §301 claim against it accrued on February 24, 2004, when the Union informed Lombard that his grievance had been withdrawn and would not be submitted to arbitration. Because Lombard did not file this action within six months of that date, it asserts that Lombard's claim against it is untimely and should be dismissed.

As to Chrome Craft's argument that his claim against it is untimely, Lombard tries to distinguish *Robinson* by noting that in *Robinson*, arbitration had to be initiated within ten days whereas the CBA here has no specified time limit for initiating arbitration. He also claims that the CBA is "silent" as to whether or not the Union could reinstate a grievance after withdrawing it. He therefore asserts that since there was no time specified for initiating arbitration, and no

8

language about reinstatement, the Union was free to reinstate the grievance and demand arbitration at any time.  He asserts that nothing in the February 24, 2004 letter to Lombard or in the CBA informed him that the grievance could not be reinstated and that the decision not to proceed to arbitration could not be reversed.

As to the Union Defendants' argument that he has failed to exhaust internal union remedies, Lombard contends that exhaustion of internal remedies is not required, but rather, is a matter of discretion for the Court.

The Court agrees with Defendants that, under *Robinson*, Plaintiff's claims against Chrome Craft are barred by the applicable statute of limitations and that Plaintiff has failed to exhaust his internal union remedies with respect to his claims against the Union Defendants.

In *Robinson*, Plaintiff filed a grievance, pursuant to a CBA, after being discharged from her employer.  Under the CBA, the union then had ten days, or until November 16, 1999, to request arbitration in writing.  On November 9, 1989, however, the Union informed Plaintiff that it had decided not to pursue arbitration of her claim.  The letter also notified her of her right to appeal that decision under the internal union appeals process.  The CBA at issue did not contain a provision that gave the Union the discretion to reinstate a grievance after it had been withdrawn.  It did provide that a grievance could be reinstated if a court or government agency ordered it, or if the employer and the Union both agreed to reinstate the grievance.  Plaintiff began, but did not complete, the internal union appeals process for challenging the Union's decision not to pursue arbitration.

Plaintiff filed suit in federal court asserting a hybrid §301 claim.  The district court granted summary judgment in favor of Defendants, concluding that Plaintiff's claims against the

9

employer and the Union were barred by a six-month statute of limitation.  The Sixth Circuit affirmed in part, and reversed in part.

The appellate court concluded that Plaintiff's "cause of action against both defendants accrued on November 17, 1989, when the deadline for requesting arbitration passed without action by the Union."  *Id*. at 1239.  The court further stated, however, that although the claims against both the employer and the union "accrued simultaneously, it does not necessarily follow that the statutes of limitations for the two interdependent claims began to run simultaneously," because the trial court has the discretion to toll the limitations period applicable to either claim. *Id.*  The court therefore addressed Plaintiff's tolling argument on each claim separately.

The court affirmed the trial court's ruling that Plaintiff's claim against the employer was barred by the six-month limitations period.  The court noted that the Union filed a grievance on Plaintiff's behalf with the employer, and that pursuant to the grievance and arbitration procedure in the CBA, Plaintiff could have been provided with complete relief from the employer via that process.  The court concluded that the limitations period was tolled until the employer "denied the grievance and the Union did not request arbitration."  *Id.* at 1243.

Plaintiff then appealed the Union's decision not to request arbitration in the internal union appeals process.  The court noted that the employer was not a party to that process, had not sanctioned it, and was not bound by any ensuing judgment.  It further concluded that the employer had made clear in its CBA that a successful union appeal can not lead to reinstatement of a grievance, and that the employee is charged with knowing the contents of the CBA.  "Thus, it should have been clear to [plaintiff] that when the Union chose not to request arbitration, the only private dispute mechanism that could have provided her with relief from [the employer]

10

was exhausted and the limitations period began to run." *Id*. The court explained that the federal interest in the swift resolution of labor disputes would not be served by tolling the limitations period in the §301 suit against [the employer] while [plaintiff] pursued internal appeals that could only provide relief from the Union." *Id.* It held that plaintiff "exhausted all internal remedies for her claim against [the employer] when the Union failed to request arbitration and thus her §301 claim against [the employer] is barred by the six-month statute of limitations period."

However, the court reversed the district court's ruling that Plaintiff's claim that the Union breached its duty of fair representation is barred by the statute of limitations. It explained that Plaintiff's "claim against the Union is distinguishable from the claim against [the employer] because although the internal appeals process could not provide complete relief, it clearly provided the possibility of partial relief from the Union in the form of monetary damages." *Id*. The court stated that even if the internal appeal proved unsuccessful, it could still be beneficial to the judicial system because an unsuccessful internal appeal "may convince a union member that her claim lacks merits, may produce a compromise, and may have other conciliatory value that could lessen a member's desire to file suit in federal court." *Id.* at 1243.

Although this Court has the discretion to toll the limitations period with respect to the claim against Chrome Craft, the Court does not believe such tolling is warranted here. The CBA at issue here contains no provision that allows the Union to reinstate a grievance once it is withdrawn. Thus, when the Union withdrew Lombard's grievance and advised him that it had decided not to pursue arbitration, all remedies for exhausting his claim against Chrome Craft were exhausted.

11

That the CBA does not have a specific deadline for initiating arbitration is not a meaningful way to distinguish *Robinson*. In *Robinson,* the deadline passing without the Union having filed a demand for arbitration was sufficient to advise the plaintiff that her remedies under the CBA were exhausted with respect to her claims against her employer because once that deadline passed the employer could not be forced to arbitrate plaintiff's claim. Here, although there was no specific deadline for filing the arbitration demand, Lombard was advised that the Union had withdrawn his grievance and had declined to pursue arbitration. Moreover, there is no provision in the CBA that could even arguably give the Union the right to reinstate a grievance once it is withdrawn. Thus, Lombard should have known when he received the February 24, 2004 written notice from the Union that his grievance had been withdrawn, that the Union would not pursue arbitration, and that Chrome Craft could not be forced to arbitrate Lombard's claims against it. Rather, his only recourse with respect to his claim against Chrome Craft would be to file suit. Lombard had six months from February 24, 2004, to file this action, but did not file this action until May 24, 2005. Accordingly, the Court concludes that Lombard's claim against Chrome Craft is time-barred.

The Court shall also grant the Union Defendants' Motion for Summary Judgment on the ground that Lombard has failed to exhaust his internal union remedies, also based on *Robinson*. Plaintiff is still pursuing his internal union remedies, via his pending Motion for Reconsideration before the PRB. Until a final ruling has been rendered by the PRB, thereby exhausting Plaintiff's internal union remedies, Plaintiff cannot assert his claims against the Union Defendants in this Court.

## **CONCLUSION & ORDER**

12

For the reasons set forth above, **IT IS ORDERED** that Defendant Chrome Craft Corporation's Motion for Summary Judgment is **GRANTED** because Plaintiff's claims against it are barred by the applicable statute of limitations.  Plaintiff's claims against Defendant Chrome Craft Corporation are therefore **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Union Defendants' Motion for Summary Judgment is **GRANTED** because Plaintiff has not yet exhausted his internal Union remedies with respect to his claims against the Union Defendants.  The motion is **DENIED** in all other respects.  Plaintiff's claims against the Union Defendants are therefore **DISMISSED WITHOUT PREJUDICE.**[2]

**IT IS SO ORDERED.**


                                        S/Sean F. Cox
                                        Sean F. Cox
                                        United States District Judge

Dated:  December 13, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on December 13, 2006, by electronic and/or ordinary mail.

                                        S/Jennifer Hernandez
                                        Case Manager

---

[2]The Court notes that once Plaintiff exhausts his internal union remedies with respect to his claims against the Union Defendants, he can request that this action be reinstated with respect to his claims against the Union Defendants.

13